**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | |
|---|---|
| **CHARLOTTE STOKES ESLAVA,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | **CIVIL ACTION 12-0425-WS-N** |
| ) | |
| **ALLIANCEONE RECEIVABLES** ) | |
| **MANAGEMENT, INC.,** ) | |
| ) | |
| **Defendant.** ) | |

**ORDER**

This matter comes before the Court on defendant's Motion to Dismiss Complaint (doc.
4).  The Motion has been briefed and is now ripe for disposition.

**I.     Background.**

Plaintiff, Charlotte Stokes Eslava, brought this action against defendant, AllianceOne
Receivables Management, Inc., claiming violations of the Fair Debt Collection Practices Act, 15
U.S.C. §§ 1692 *et seq.* ("FDCPA").  The short, 3-page Complaint (doc. 1) alleges that
AllianceOne mailed a dunning letter directly to Eslava on June 18, 2012, demanding payment of
an alleged debt in the amount of $1,630.30.  According to the well-pleaded allegations of the
Complaint, "[s]aid letter was sent by Defendant to Plaintiff while Plaintiff was represented by
counsel with regard to Bankruptcy Proceeding No. 06-11067 which had been filed on June 8,
2006, but which was temporarily dismissed on February 1, 2012."  (Doc. 1, ¶ 11.)  The
Complaint alleges that AllianceOne's act of mailing such a letter directly to Eslava, rather than to
her attorney, violates sections 1692c (which prohibits a debt collector from communicating with
a consumer concerning a debt if the debt collector knows the consumer is represented by
counsel), 1692d (which forbids debt collectors from engaging in harassing, oppressive or abusive
conduct in connection with the collection of a debt), and 1692f (which bars debt collectors from
using unfair or unconscionable collection means) of the FDCPA.

AllianceOne now moves for dismissal of the Complaint pursuant to Rule 12(b)(6),
Fed.R.Civ.P., on the grounds that plaintiff's pleading does not satisfy the threshold *Twombly*

pleading requirements and that plaintiff has not stated a claim for violation of the cited sections of the FDCPA.

## II.    Analysis.

It is now well-established that, to withstand Rule 12(b)(6) scrutiny, plaintiffs must plead "enough facts to state a claim to relief that is plausible on its face," so as to "nudge[] their claims across the line from conceivable to plausible." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (citation omitted). Thus, minimum pleading standards "require[] more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. This standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 129 S.Ct. at 1949. Rather, as the Eleventh Circuit has explained, *Twombly/Iqbal* principles require that a plaintiff plead "enough facts to state a claim to relief that is plausible on its face," whose allegations are "enough to raise a right to relief above the speculative level." *Speaker v. U.S. Dep't of Health and Human Services Centers for Disease Control and Prevention*, 623 F.3d 1371, 1380 (11th Cir. 2010) (citations omitted); *see also Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 958 (11th Cir. 2009) ("A plaintiff must provide enough factual allegations, which are assumed to be true, to raise a right to relief above the speculative level."). The complaint must "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Speaker*, 623 F.3d at 1380 (citations omitted).

Defendant's position is that none of Eslava's FDCPA claims as pleaded in the Complaint satisfy the *Iqbal / Twombly* standard. The Court will consider each claim in turn.

Under 15 U.S.C. § 1692c, as a general rule, a debt collector may not communicate with a debtor concerning the collection of a debt "if the debt collector knows the consumer is represented by an attorney with respect to such debt." 15 U.S.C. § 1692c(a)(2). AllianceOne insists that Eslava's § 1692c cause of action is legally deficient because she failed to plead that defendant had actual knowledge that she was represented by counsel when it mailed correspondence to her. Abundant precedent, as well as the plain statutory language, confirms that this claim requires Eslava to prove that AllianceOne had actual knowledge that she was

-2-

represented by counsel. *See, e.g., Erickson v. General Elec. Co.*, --- F. Supp.2d ----, 2012 WL 601171, \*3 (M.D. Fla. Feb. 23, 2012) ("actual knowledge is an element necessary to prove violations of FDCPA § 1692c(a)(2)"); *Watson v. Capitol One Services, LLC*, 2011 WL 2560230, \*4 (M.D. Fla. June 7, 2011) ("In deciding what type of knowledge is required under this provision of the FDCPA, the great majority of federal courts have required actual knowledge on the part of the debt collector, declining to impute knowledge by the creditor to the debt collector."); *Micare v. Foster & Garbus*, 132 F. Supp.2d 77, 80 (N.D.N.Y. 2001) ("Courts have construed the knowledge component of 1692c(a)(2) to require that a debt collector possess actual knowledge that the debtor was represented by an attorney.").

There is also at least limited precedent supporting the notion that a plaintiff bringing a § 1692c claim must plead specific facts showing that the debt collector possessed the requisite knowledge. *See, e.g., Cavanaugh v. HSBC Card Services Inc.*, 2010 WL 3746260, \*2 (M.D. Fla. Sept. 22, 2010) ("The instant Complaint fails to sufficiently allege that Rubin had actual knowledge that the Plaintiff was represented by counsel … and, thus, the Motion is due to be granted."). This proposition is not free from doubt. After all, even in the wake of *Iqbal* and *Twombly*, federal plaintiffs need not plead specifically every element of their claims, much less plead detailed facts in support of each element. *See, e.g., American Federation of Labor and Congress of Indus. Organizations v. City of Miami, FL*, 637 F.3d 1178, 1186 (11th Cir. 2011) (in post-*Twombly* era, recognizing that "notice pleading does not require a plaintiff to specifically plead every element of his cause of action"); *Ceant v. Aventura Limousine & Transp. Service, Inc.*, --- F. Supp.2d ----, 2012 WL 2428536, \*3 (S.D. Fla. June 27, 2012) ("While *Twombly* and *Iqbal* have certainly raised the bar for notice pleading, they do not demand detailed factual allegations.") (citation and internal quotation marks omitted).

Nonetheless, the Court agrees with AllianceOne that, in its present form, the Complaint does not set forth a plausible claim for relief under § 1692c because it is devoid of allegations that might support a violation of that section (*i.e.*, that AllianceOne sent a dunning letter to Eslava directly despite knowledge that she had an attorney). In response, Eslava filed a brief in which she set forth detailed facts raising a reasonable inference that AllianceOne did, indeed, possess such actual knowledge. (Doc. 16, at 3.) Those facts are not pleaded in the Complaint and therefore do not, in their present form, defeat the Motion to Dismiss; however, plaintiff has requested leave to amend the Complaint to incorporate those facts. "Generally, where a more

carefully drafted complaint might state a claim, a plaintiff must be given at least one chance to amend the complaint before the district court dismisses the action with prejudice." *Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001) (citation omitted); *see also Corsello v. Lincare, Inc.*, 428 F.3d 1008, 1014 (11th Cir. 2005) ("Ordinarily, a party must be given at least one opportunity to amend before the district court dismisses the complaint."). Under the circumstances, the Court **grants** the Motion to Dismiss with respect to the § 1692c claim, provided that plaintiff may file an Amended Complaint on or before **October 5, 2012** to replead said cause of action in a manner that comports with minimum pleading standards.[1]

Plaintiff has also brought a claim under 15 U.S.C. § 1692d. That section provides that "[a] debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." § 1692d. The Complaint, as pleaded, alleges that AllianceOne's mailing of a single dunning letter to Eslava rather than to her counsel, in and of itself, violated § 1692d. To be clear, the Complaint does not allege that anything in the content of the letter was threatening, intimidating, harassing, oppressive, or abusive, but rather alleges that defendant's bare act of sending the letter to Eslava directly meets that standard. As defendant correctly observes, the law is otherwise. *See, e.g., Jeter v. Credit Bureau, Inc.*, 760 F.2d 1168, 1179 (11th Cir. 1985) (finding as a matter of law that

---

[1]     The Court recognizes, of course, that notwithstanding the liberal amendment policy of the Federal Rules of Civil Procedure, "denial of leave to amend is justified by futility when the complaint as amended is still subject to dismissal." *Hall v. United Ins. Co. of America*, 367 F.3d 1255, 1263 (11th Cir. 2004) (citation omitted). AllianceOne argues in its reply that the proposed additional facts identified in Eslava's response are insufficient to state a claim under § 1692c because they do not show actual knowledge. In support of this contention, defendant maintains that the facts identified by Eslava to show actual knowledge may also support a contrary inference that AllianceOne lacked such knowledge. Of course, the pleadings stage is not the time for a federal court to sift through and decide among competing reasonable inferences from factual allegations. The existence of such competing inferences does not establish that the contemplated amendment would be futile. To phrase it in *Twombly* terminology, the § 1692c claim would be nudged across the line from conceivable to plausible once bolstered by the additional facts cited in plaintiff's brief. Eslava need accomplish nothing more at the pleadings stage, once those facts are incorporated into her pleadings. Besides, where Eslava has alleged facts providing at least circumstantial evidence of actual knowledge by AllianceOne, it would be grossly unfair and inequitable to dismiss her Complaint without giving her the opportunity to conduct discovery to develop further what defendant did or did not actually know when it mailed the dunning letter to her.

§ 1692d does not proscribe debt collector from sending letters warning that legal action would be taken against debtor unless entire balance was paid promptly); *Masterson v. Meade County Fiscal Court*, 489 F. Supp.2d 740, 758 (W.D. Ky. 2007) ("The Plaintiffs have only alleged that the Defendants mailed them a bill.  That action does not equate to harassing, oppressive or abusive conduct described in Section 1692d.").  Faced with AllianceOne's Motion to Dismiss the § 1692d cause of action for failure to state a claim, Eslava says nothing.  She offers no explanation for why defendant's mere mailing of a single letter to her instead of to her lawyer could possibly reach the threshold of harassing, oppressing or abusive conduct within the meaning of that section of the FDCPA.  She certainly does not identify any case law holding or suggesting that a viable § 1692d claim may arise from a debt collector's transmission of a single collection letter to a represented debtor.  And the Court has found none.

Without question, § 1692d "does not preclude debt collectors from making non-abusive statements designed to encourage voluntary payment." *Sparks v. Phillips & Cohen Associates, Ltd.*, 641 F. Supp.2d 1234, 1245 (S.D. Ala. 2008).  Moreover, "[c]ourts have … dismissed claims filed pursuant to § 1692d as a matter of law if the facts alleged do not have the natural consequence of harassing or abusing a debtor." *Harvey v. Great Seneca Financial Corp.*, 453 F.3d 324, 330 (6th Cir. 2006).  The allegations of the Complaint set forth facts as to AllianceOne's conduct that do not, as a matter of law, have a natural consequence of harassing or abusing a debtor.  Plaintiff has not even tried to argue otherwise.  Accordingly, the Motion to Dismiss is **granted** as to the § 1692d claim, and that cause of action is **dismissed**.

Finally, plaintiff brought a claim under § 1692f, which prohibits the use of "unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. § 1692f.  Case law clearly establishes that, to state a claim for violation of § 1692f, a plaintiff must either allege improper acts specifically enumerated in that section or allege misconduct beyond that which the plaintiff alleges violates other provisions of the FDCPA. *See, e.g., Stewart v. Bierman*, --- F. Supp.2d ----, 2012 WL 1655716, *9 (D. Md. May 8, 2012) ("Plaintiffs' § 1692f claim here fails to allege any conduct separate and distinct from the alleged § 1692e violations. … Plaintiffs fail to allege any separate facts that contend that Defendants engaged in unfair or unconscionable

practices under § 1692f[.]  Therefore Defendants' motion to dismiss the § 1692f claim will be granted.").[2]

Here, the Complaint unequivocally shows that Eslava is attempting to bootstrap a § 1692f claim onto a claim of an alleged § 1692d violation.  The foregoing line of precedent forbids her from doing so.  Tellingly, in response to the Motion to Dismiss, Eslava makes no effort to defend the § 1692f claim or to suggest that it is legally cognizable even though it is an unabashed retread of her § 1692d cause of action.  Accordingly, the Court finds that plaintiff's § 1692f claim, as pleaded, fails as a matter of law.  The Motion to Dismiss is **granted** as to this claim, and the § 1692f cause of action is **dismissed**.

### III.    Conclusion.

For all of the foregoing reasons, the Motion to Dismiss (doc. 4) is **granted**, provided that plaintiff will be permitted one opportunity to amend her Complaint to replead her FDCPA claims.  Any such Amended Complaint must be filed on or before **October 5, 2012**, failing which this action will be dismissed without prejudice and the file will be closed for statistical and administrative purposes.

DONE and ORDERED this 20th day of September, 2012.

s/ WILLIAM H. STEELE
CHIEF UNITED STATES DISTRICT JUDGE

---

[2]        *See also Amina v. WMC Mortg. Corp.*, 2011 WL 1869835, *16 (D. Haw. May 16, 2011) ("The court agrees that Plaintiffs may not simply rely on violations of other FDCPA provisions to state violations of … 1692f."); *Carman v. CBE Group, Inc.*, 782 F. Supp.2d 1223, 1234 (D. Kan. 2011) (in § 1692f context, "[w]here [p]laintiff fails to allege conduct other than that asserted to violate another FDCPA provision, such will be deemed deficient under this provision") (citation omitted); *Baker v. Allstate Financial Services, Inc.*, 554 F. Supp.2d 945, 953 (D. Minn. 2008) (deeming § 1692f "inapplicable" where plaintiff's claims were all predicated on conduct that was addressed by "[m]ultiple specific FDCPA provisions"); *Taylor v. Heath W. Williams, LLC*, 510 F. Supp.2d 1206, 1217 (N.D. Ga. 2007) (dismissing § 1692f claim that neither alleged violation of any enumerated subsections of § 1692f nor identified any misconduct beyond that which plaintiffs alleged to be in violation of other provisions of FDCPA); *Foti v. NCO Financial Systems, Inc.*, 424 F. Supp.2d 643, 667 (S.D.N.Y. 2006) (finding that motion to dismiss § 1692f claim should be granted where complaint failed to allege any improper acts enumerated in subsections (1) through (8) and likewise did "not identify any misconduct beyond that which Plaintiffs assert violate other provisions of the FDCPA").